IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIAM THOMAS NICHOLAS, JR., #01680033 | § § | |
| PETITIONER, | § § | |
| v. | § § | CIVIL CASE NO. 3:18-CV-3380-L-BK |
| LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION DIV., | § § § § § | |
| RESPONDENT. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this action was referred to the United States Magistrate Judge for findings and a recommended disposition. On December 21, 2018, Petitioner William Thomas Nicholas filed this habeas corpus petition under 28 U.S.C. § 2254. Doc. 3. As detailed herein, the petition should be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

**I.  BACKGROUND**

Nicholas is currently serving two life sentences for aggravated assault ("Smith County Convictions"). *State v. Nicholas*, Nos. 007-0492-10 and 007-0493-10 (7th Jud. Dist. Ct., Smith County, Tex., Oct. 29, 2010), *aff'd*, Nos. 12-10-00392-CR, 2011 WL 3273958 (Tex. App.—Tyler July 29, 2011, no pet.). However, by the instant petition, he seeks to challenge his convictions and sentences in two previous Dallas County cases for which he is no longer incarcerated (collectively, "Dallas County Convictions").

As recounted by the Fifth Court of Appeals:

> In 1986, appellant [Nicholas] was convicted, on his guilty plea, of misdemeanor DWI. Punishment was assessed at ninety days' confinement, probated for twenty-four months, and a $450 fine. In 1994, appellant was convicted of a second misdemeanor DWI. The 1986 and 1994 DWI convictions were used to elevate a 1998 third DWI to a third-degree felony. Appellant was sentenced to three years' imprisonment. In 2010, appellant, on his guilty pleas, was convicted in Smith County of two second-degree-felony aggravated assaults with a deadly weapon. The 1998 felony DWI conviction was used to enhance the punishment range to a first-degree felony. The trial court assessed two life sentences.

*Ex Parte Nicholas*, 05-15-00454-CR, 2015 WL 6750850, at *1 (Tex. App.—Dallas Nov. 4, 2015, pet. ref'd).

Here, Nicholas complains, *inter alia*, that his 1986 DWI conviction in Dallas County cause number MB86-20138 ("misdemeanor DWI") was uncounseled and, thus, improperly used to enhance his second DWI in Dallas County cause number F96-51486 ("felony DWI"), which, in turn, was improperly used to enhance his instant aggravated assault convictions to first degree felonies. Doc. 3 at 2, 7-8. This Court, however, lacks jurisdiction to consider Nicholas' claims.

**II.   ANALYSIS**

Federal habeas corpus relief is available only for persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2254(a). A habeas petitioner is not "in custody" when the sentence imposed for that conviction has fully expired at the time the petition is filed. *Maleng v. Cook,* 490 U.S. 488, 491 (1989). In his *Answers to Magistrate Judge's Questionnaire*, Nicholas concedes that he is not in custody on either of the Dallas County Convictions he seeks to challenge. Doc. 7 at 2.

That notwithstanding, federal courts may exercise jurisdiction over habeas petitions that attack expired convictions used to enhance a sentence, where the previous conviction "was obtained [because of] a failure to appoint counsel in violation of the Sixth Amendment, as set

forth in *Gideon v. Wainwright*, 372 U.S. 335 (1963)." *Lackawanna Cty. Dist. Attorney v. Coss,* 532 U.S. 394, 402-04 (2001).  Nicholas' claims do not meet the narrow exception outlined in *Coss*, however.  He concedes that he was represented by an attorney in his felony DWI case (indeed, he attempts to allege ineffective assistance of counsel) and, as such, does not challenge his prior felony conviction under the Sixth Amendment or *Gideon*.  See *Coss,* 532 U.S. at 402-04.  Moreover, even assuming Nicholas' guilty plea was uncounseled in his misdemeanor DWI case, he had no right to counsel under the Sixth Amendment or *Gideon* because he received only a probated sentence.  *Ex Parte Nicholas,* 2015 WL 6750850, at *1.  An uncounseled misdemeanor conviction for which no term of imprisonment was imposed or for which the term of imprisonment was probated, may properly be used to enhance the penalty for a subsequent offense.  *Nichols v. United States*, 511 U.S. 738, 748–49 (1994).

### III.   CONCLUSION

For the foregoing reasons, the Court lacks jurisdiction to construe Nicholas' 2254 petition as a challenge on his 2010 Smith County convictions as enhanced by his Dallas County convictions.[1]  Accordingly, the petition for writ of habeas corpus should be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

**SO RECOMMENDED**.

March 8, 2019.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] In any event, Nicholas' challenge to his Dallas County or Smith County convictions would be time barred.  See 28 U.S.C. § 2244(d).

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).