IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WILLIAM THOMAS NICHOLAS, JR., §<br>#01680033 §<br>   PETITIONER, §<br> §<br>v. §<br> §<br>LORIE DAVIS, DIRECTOR, §<br>TEXAS DEPARTMENT OF CRIMINAL §<br>JUSTICE, CORRECTIONAL §<br>INSTITUTIONS DIVISION DIV., §<br>   RESPONDENT. § | CIVIL CASE NO. 3:18-CV-3380-L-BK |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this action was referred to the United States Magistrate Judge for findings and a recommended disposition. On December 21, 2018, Petitioner William Thomas Nicholas filed this habeas corpus petition under 28 U.S.C. § 2254. Doc. 3. As detailed herein, the petition should be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

**I.    BACKGROUND**

Nicholas is currently serving two life sentences for aggravated assault ("Smith County Convictions"). *State v. Nicholas*, Nos. 007-0492-10 and 007-0493-10 (7th Jud. Dist. Ct., Smith County, Tex., Oct. 29, 2010), *aff'd*, Nos. 12-10-00392-CR and 12-10-00393-CR, 2011 WL 3273958 (Tex. App.—Tyler July 29, 2011, no pet.); Doc. 7 at 1 (*Answers to Magistrate Judge's Questionnaire*). However, by the instant petition, he seeks to challenge his convictions and

sentences in two previous Dallas County cases for which he is no longer incarcerated (collectively, "Dallas County convictions"). Doc. 3 at 2, 7-8; Doc. 7 at 2.

As recounted by the Fifth Court of Appeals:

> In 1986, appellant [Nicholas] was convicted, on his guilty plea, of misdemeanor DWI. Punishment was assessed at ninety days' confinement, probated for twenty-four months, and a $450 fine. In 1994, appellant was convicted of a second misdemeanor DWI. The 1986 and 1994 DWI convictions were used to elevate a 1998 third DWI to a third-degree felony. Appellant was sentenced to three years' imprisonment. In 2010, appellant, on his guilty pleas, was convicted in Smith County of two second-degree-felony aggravated assaults with a deadly weapon. The 1998 felony DWI conviction was used to enhance the punishment range to a first-degree felony. The trial court assessed two life sentences.

*Ex Parte Nicholas*, 05-15-00454-CR, 2015 WL 6750850, at *1 (Tex. App.—Dallas Nov. 4, 2015, pet. ref'd).

Here, Nicholas complains, *inter alia*, that his 1986 DWI conviction in Dallas County cause number MB86-20138 ("misdemeanor DWI") was uncounseled and, thus, improperly used to enhance his 1998 DWI conviction in Dallas County cause number F96-51486 ("felony DWI"), which, in turn, was improperly used to enhance his Smith County aggravated assault convictions to first degree felonies. Doc. 3 at 2, 7-8. This Court, however, lacks jurisdiction to consider Nicholas' claims.

## II. ANALYSIS

Federal habeas corpus relief is available only for persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2254(a). A habeas petitioner is not "in custody" when the sentence imposed for that conviction has fully expired at the time the petition is filed. *Maleng v. Cook,* 490 U.S. 488, 491 (1989). A habeas petitioner is also not "in custody" on a prior conviction merely because that conviction is subsequently used to enhance a sentence. *Id.* at 492.

In his *Answers to Magistrate Judge's Questionnaire*, Nicholas concedes that he is not in custody on either of the Dallas County convictions he seeks to challenge. Doc. 7 at 2. Thus, insofar as his habeas petition is directed solely to his 1986 and 1998 prior Dallas County convictions, the Court lacks jurisdiction to consider his collateral challenge because the sentence in each of those cases has long expired. *Maleng*, 490 U.S. at 491-92.

That notwithstanding, federal courts may exercise jurisdiction over habeas petitions that attack expired convictions used to enhance a sentence, where the previous conviction "was obtained [because of] a failure to appoint counsel in violation of the Sixth Amendment, as set forth in *Gideon v. Wainwright*, 372 U.S. 335 (1963)." *Lackawanna Cty. Dist. Attorney v. Coss,* 532 U.S. 394, 402-04 (2001) (recognizing liberal construction of *pro se* petitions to satisfy "in custody" requirement and exceptions to the general rule that state convictions are presumptively valid once they are no longer open to direct or collateral attack in their own right); *Godfrey v. Dretke*, 396 F.3d 681, 685 (5th Cir. 2005) (same); *Dilworth v. Johnson*, 215 F.3d 497, 500 (5th Cir. 2000) ("We have explained that the jurisdictional requirement of 'in custody' is satisfied by reading the petition as a challenge to the current conviction." (quotations and quoted case omitted)).

However, even if Nicholas seeks to challenge his Smith County convictions, as enhanced by the felony and misdemeanor DWI convictions, his assertions do not meet the narrow exception outlined in *Coss*. First, he concedes that he was represented by an attorney in his felony DWI conviction (indeed, he attempts to allege ineffective assistance of counsel, Doc. 3 at 8) and, as such, does not challenge that prior conviction under the Sixth Amendment or *Gideon*.[1]

---

[1] The Dallas County docket sheet for the felony DWI case (Cause No. F96-51486) is available at http://courtecom.dallascounty.org/publicaccess/ (last accessed June 5, 2019).

*See Coss,* 532 U.S. at 404. Moreover, even assuming Nicholas' guilty plea in the misdemeanor DWI case was uncounseled, that conviction was not used directly to enhance his current Smith County convictions—hence, it did not adversely affect the sentences that he received in those cases. *See Id.* at 405 (requiring that "the challenged prior conviction must have adversely affected the sentence that is the subject of the habeas petition").

As Nicholas concedes, the Smith County convictions were enhanced only based on the 1998 felony DWI case, not the 1986 misdemeanor DWI case. Doc. 3 at 7; Doc. 7 at 5; *see also Ex parte Nicholas*, 2015 WL 6750850, at *1.[2] While the misdemeanor DWI case enhanced the felony DWI case, Nicholas simply cannot show that the misdemeanor DWI conviction had the requisite adverse effect on his Smith County cases—namely that the misdemeanor DWI case was even considered, much less relied upon, at sentencing in the Smith County cases, to "actually increase[] the length of the sentence the court ultimately imposed." *Coss*, 532 U.S. at 406-07 (describing "adverse effect" requirement as being a "threshold" issue of fact); *see also Althouse v. Cockrell*, No. 3:01-CV-0779-R, 2003 WL 21649966, at *8 (N.D. Tex. Mar. 28, 2003) (holding challenge to 1983 prior convictions that were not used to enhance 1999 sentences, which petitioner was serving, provided no basis for habeas relief from 1999 convictions and sentences).

In addition, to the extent *Coss* recognized other potential exceptions—for situations in which the "defendant can[not] be faulted for failing to obtain timely review of a constitutional claim," or a federal habeas petition is the "first and only forum available for review of the prior

---

[2] The indictments in the Smith County's cases confirm that only the 1998 felony DWI conviction (Cause No. F96-51486) was used for enhancement purposes. *See* Smith County indictments enclosed with September 14, 2015 *First Am. Appellant's Brief* in *Ex parte Nicholas*, No. 05-15-00454-CR, available at http://search.txcourts.gov/Case.aspx?cn=05-15-00454-CR&coa=coa05.

conviction," *Coss,* 532 U.S. at 405-06—Nicholas again fails to show that they apply. The Supreme Court provided the following examples:

> For example, a state court may, without justification, refuse to rule on a constitutional claim that has been properly presented to it. Alternatively, after the time for direct or collateral review has expired, a defendant may obtain compelling evidence that he is actually innocent of the crime for which he was convicted, and which he could not have uncovered in a timely manner.

Id. at 405 (citations omitted).

Yet Nicholas does not allege that a state-created impediment prevented him from obtaining timely review of his challenges to the Dallas County convictions. Nor has he presented newly-discovered, compelling evidence that he is actually innocent of the crimes for which he was convicted. Indeed, his *Petition* and *Answers to Magistrate Judge's Questionnaire*, do not even allege that he is actually innocent of such crimes. Doc. 3 at 7-8, 10; Doc. 7. And his conclusory assertion raised for the first time in his *Objections*—that "due to the constitutional error at trial he is innocent of both Dallas County convictions"—simply does not meet the required standard. Doc. 9 at 3.[3]

In sum, Nicholas federal habeas petition cannot be construed as challenging his 2010 Smith County convictions as enhanced by either of his Dallas County convictions.

---

[3] In any event, Nicholas' challenges to the Smith County and/or Dallas County convictions would be time barred. *See* 28 U.S.C. § 2244(d). Contrary to his assertions, *Coss* does not effectively remove all statute of limitations bars from attacks on state convictions. He also claims that "a defect which renders a sentence void may be raised at any time." Doc. 9 at 3. But he provides no supporting authority and the Court has found none.

### III. CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus should be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

**SO RECOMMENDED**.

June 10, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).