IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **WILLIAM THOMAS NICHOLAS, JR.,** § | | |
| **#01680033,** § | | |
| Petitioner, § | | |
| v. § | Civil Action No. **3:18-CV-3380-L** | |
| § | | |
| **LORIE DAVIS, Director, Texas** § | | |
| **Department of Criminal Justice,** § | | |
| **Correctional Institutions Division,** § | | |
| § | | |
| Respondent. § | | |

## ORDER

The Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 11) was entered on June 10, 2019, recommending that the court dismiss without prejudice Petitioner's Petition for Writ of Habeas Corpus by a Person in Custody Under 28 U.S.C. § 2254 (Doc. 3) for lack of jurisdiction because he is no longer in custody and does not meet the exception under *Lackawanna County District Attorney v. Coss*, 532 U.S. 394 (2001), for attacking an expired conviction. Petitioner was granted an extension to August 23, 2019, to file objections to the Report. Instead of filing objections by this deadline, Petitioner filed a Motion for Leave to File Motion for Writ of Coram Nobis Consideration ("Motion") (Doc. 14), which was docketed on August 27, 2019.

In his Motion, Petitioner appears to challenge only his felony Driving While Intoxicated ("DWI") conviction in Case No. F96-51486, not his misdemeanor DWI conviction in Case No. MB86-20138, which is the basis for his section 2254 petition in this action. Petitioner also recognizes that his current section 2254 petition in this case has "errors of the most fundamental

Order – Page 1

character." Mot. 1. The court liberally **construes** Petitioner's Motion as one seeking to file a new coram nobis petition. While a coram nobis petition may be the proper vehicle for challenging a conviction for which Petitioner is no longer in custody, it should be filed in a new civil action. The court, therefore, **directs** the clerk of the court to open a new civil action for the coram nobis petition; **file** the Motion and a copy of this order in the new civil action; **assign** the new action to the undersigned and United States Magistrate Judge Renée Toliver; and **terminate** the Motion filed in this case.

Turning to the Report on Petitioner's section 2254 petition in this case, the court, after having reviewed the petition, file, record in this case, and Report, determines that the findings and conclusions of the magistrate judge are correct; **accepts** them as those of the court; **denies without prejudice** Petitioner's habeas petition (Doc. 3); and **dismisses without prejudice** this action for lack of jurisdiction.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[*] The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims

---

[*] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

**(a)** **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

**(b)** **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**Order – Page 2**

debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the Report. In the event that Petitioner files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

**It is so ordered** this 28th day of August, 2019.

Sam A. Lindsay
United States District Judge